**UNITED STATES v. SHERMAN et al.**

**Cr. No. 41403.**

United States District Court
E. D. New York.

Oct. 7, 1947.

J. Vincent Keogh, U. S. Attorney, Brooklyn, N. Y., for United States of America (H. H. Goldstein, Assistant U. S. Attorney, Brooklyn, N. Y., of counsel), opposed.

Zeitz, Harris & Moscowitz, New York City for defendant Joe Sherman (Saul L. Harris, New York City, of counsel).

Cowin & Whitehorn, New York City, for defendant Frank Whelan (Harold L. Cowin, New York City, of counsel).

Louis Aldino, Brooklyn, N. Y., attorney for defendant Salvatore Imperiale.

Abraham Solomon, New York City, attorney for defendant Paul Impirello.

Morris Packer, Brooklyn, N. Y., for defendants Ernest Oliva and Romeo Carafola.

Joseph D. Caputo, New York City, for defendant William Mastramarino.

Irving Rader, Brooklyn, N. Y., for defendant Alphonse Salzano.

Robert Aronstein and Joseph Aronstein, New York City, for defendant Vincent James Grimaldi.

Eugene F. Bannigan, Brooklyn, N. Y., for defendant Salvatore Maimone.

KENNEDY, District Judge.

All of the defendants in this case assert that the indictment is defective in that, in the first count, 5 defendants are charged with theft of goods in interstate commerce (18 U.S.C.A. § 409 [now § 659]), and, in the second count, 5 different defendants are charged with receiving goods stolen from interstate commerce shipments (id.). The indictment contains a third count charging all 10 defendants with conspiracy to steal goods moving in interstate commerce. 18 U.S.C.A. § 88 [now § 371]; 18 U.S.C.A. § 409 [now § 659]. The defendants argue that the inclusion of counts 1 and 2 under these circumstances is not authorized either by the statute (18 U.S.C.A. § 557) or by the rules (Criminal Rule 8, Federal Rules of Criminal Procedure, 18 U.S.C.A., which is substantially a restatement of the statute just cited). But it seems to me that the two offenses (stealing and receiving) can be considered, to quote Rule 8, "two or more acts or transactions connected together", and, so far as the individuals charged are concerned, that the government may well be in a position to establish, again to quote Rule 8, that the several defendants "participated * * * in the same series of acts or transactions constituting an offense or offenses". For this reason I believe that there is no misjoinder which would require the dismissal of any of the counts, or an election by the government between counts.

The motion has another branch: the defendants urge that even though the counts are well joined, there should be a severance in order to prevent prejudice at the trial. No defendant points to any specific situation peculiar to this case, from which prejudice might flow. The argument is rather that the proof under the stealing count may be stronger than the proof under the receiving count, or vice versa, and, as a result, a jury might be

induced to convict a defendant on the weaker count, because it has been swayed by the proof adduced to support the other count. But it will almost never be true that each charge in a multiple count indictment can be established by proof of equal persuasive force, and so to adopt the contention of the defendants would be practically to make impossible a single trial in a case of this nature. I believe thoroughly in eliminating prejudice wherever it can be shown to exist, even if that entails a number of trials. But I do not subscribe to the notion that variations in the strength of the proof inevitably create unfairness.

The motion is, therefore, denied in its entirety, without any consideration on my part of the question whether it was timely brought.